UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MENDEL COEN,

                            Plaintiff,

                -against-

AMERICARE CERTIFIED SPECIAL
SERVICES, INC., et al.,

                            Defendants.
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**13-CV-5522 (KAM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a letter-motion filed by defendants Americare Certified Special Services, Inc. ("Americare"), Martin Kleinman, and Faivish Pewzner ("Pewzer") (collectively, "defendants"), to quash or modify a subpoena served on third-party Marina District Finance Corporation, Inc. ("MDFC") or, in the alternative, for a protective order "forbidding or significantly restricting the documents produced" pursuant to that subpoena (the "MDFC Subpoena"). See Letter Motion to Quash or Modify MDFC Subpoena (Mar. 20, 2014) ("Def. Motion") at 1, Electronic Case Filing ("ECF") Docket Entry ("DE") #13. Plaintiff Mendel Coen ("plaintiff") opposes the motion. See Response in Opposition (Mar. 21, 2014) ("Pl. Opp."), DE #14. For the reasons that follow, the Court denies defendants' motion in its entirety, except that confidential portions of the subpoenaed documents may in good faith be designated as such pursuant to a confidentiality agreement previously executed by the parties (the "Confidentiality Agreement"). See DE #14-4.

## DISCUSSION

       In this employment discrimination action, plaintiff alleges, among other things, that

while employed by defendant Americare, he was the victim of a pattern of sexual assault and harassment perpetrated by Americare's Vice President and Chief Operations Officer, Pewzner, who "lived a secret 'double life' in which he binged on gambling, illegal drugs, and illicit sex." Complaint (Oct. 3, 2013) ¶ 3, DE #1; see also, e.g., id. ¶¶ 1-2, 12. Many of the acts complained of are alleged to have occurred in Atlantic City, New Jersey, and, in particular, at the Borgata Hotel. See, e.g., id. ¶¶ 3-4, 21-24, 29, 35, 38. Pewzner and his co-defendants have denied all of these allegations. See generally Answer (Nov. 1, 2013), DE #8.

Defendants' motion to quash complains that the MDFC Subpoena seeks "proprietary financial information of defendant Faivish Pewzner." Def. Motion at 2; see also id. at 3. According to defendants, the information sought is both confidential and "not relevant to either party's claims or defenses . . . ." Id. at 2; see also id. at 3. Plaintiff responds that the subpoenaed documents are expected to "substantiate the allegations made in [plaintiff's] Complaint and show that his version of events is more accurate than the competing version related by Pewzner." Pl. Opp. at 2. Additionally, plaintiff contends that defendants' confidentiality concerns may be addressed by having the MDFC documents designated as confidential pursuant to the parties' Confidentiality Agreement. See id. at 3. This Court agrees.

First, while defendants' motion suggests that the challenged subpoena seeks broad categories of "proprietary financial information" relating to Pewzner, see Def. Motion at 2,[1]

---

[1] Indeed, after reading defendants' letter, and before examining the subpoena itself, the Court assumed that the MDFC Subpoena was addressed to Pewzner's financial advisor, rather than to a company operating a hotel and casino.

the MDFC Subpoena is far more limited; MDFC is "the entity that runs the Borgata Hotel Casino and Spa," the "Atlantic City hotel where substantial amounts of relevant conduct occurred." Pl. Opp. at 1. More specifically, the MDFC Subpoena seeks four categories of documents, all of which are limited to the time period covered by the Complaint, and three of which also seek documents pertaining to *plaintiff*:

1. All documents relating to any stay by Fa[i]vish Pewzner or Mendel Coen at the Borgata Hotel Casino and Spa between January 1, 2008 and December 31, 2010.

2. All documents relating to any products or services purchased by Fa[i]vish Pewzner or Mendel Coen at the Borgata Hotel Casino and Spa between January 1, 2008 and December 31, 2010.

3. All documents relating to any gambling by Fa[i]vish Pewzner or Mendel Coen at the Borgata Hotel Casino and Spa between January 1, 2008 and December 31, 2010.

4. Documents sufficient to show the current My Borgata Rewards point balance of Faivish Pewzner, and any redemption of points or other such rewards in connection with that program.

MDFC Subpoena (Schedule A), DE #13 at 12. For purposes of Rule 26(b)(1) of the Federal Rules of Civil Procedure, the documents sought are sufficiently relevant to be discoverable, in that they may well corroborate the allegations in the Complaint that the charged pattern of discriminatory conduct occurring in Atlantic City and elsewhere was part of a "double life" that Pewzner was leading. And the subpoenaed documents do relate to matters that are very much in dispute. See *supra* p. 2.

Defendants argue that proof of Pewzner's status as "a high net worth individual is unduly prejudicial . . . ." Def. Motion at 2. However, this Court is ruling on discoverability, not admissibility. Furthermore, defendants' concerns about the sensitive nature of the

information can be adequately addressed at this time by designating truly confidential documents pursuant to the parties' Confidentiality Agreement.

Defendants' motion is therefore denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 25, 2014**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**